Cynthia R. JARVIS, Plaintiff–
Appellant,

v.

Charles F. BOLDEN, Jr., Administrator,
National Aeronautics and Space Ad-
ministration, Nasa, Defendant–Appel-
lee.

No. 10–10275.

United States Court of Appeals,
Eleventh Circuit.

March 16, 2011.

Cynthia R. Jarvis, Cocoa, FL, pro se.

Bradley M. Bole, U.S. Attorney's Office,
Orlando, FL, Dawn Latasha Oliver, Ken-
nedy Space Center, FL, for Defendant–
Appellee.

Before MARCUS and ANDERSON,
Circuit Judges, and ALBRITTON,* 
District Judge.

PER CURIAM:

After oral argument and careful consid-
eration, we conclude that the judgment of
the district court should be affirmed.
Plaintiffs make only two arguments on ap-
peal. First, plaintiff argues that the dis-
trict court erred in failing to allow into
evidence more details with respect to
plaintiff's two previous complaints of dis-
crimination and retaliation, the 2004 com-
plaint and the 2005 complaint. This argu-
ment of plaintiff has to be evaluated in
light of the fact that the district court did
allow the plaintiff to testify as to the fact
of the two complaints, the nature thereof,
the resolution thereof, and the knowledge
thereof on the part of the relevant persons.
Plaintiff's argument fails because, *inter
alia*, plaintiff invited error in this regard.
Although plaintiff initially opposed NASA's
motion in limine to limit such evidence, at
the subsequent pretrial conference, plain-
tiff's attorney and the district court en-
gaged in a thorough discussion of the pre-
cise evidence that was appropriate in this
regard. And plaintiff expressly agreed,
saying: "I don't want to go into it in detail
... I don't intend to dwell on the facts of
the prior cases." Even if there were not
invited error, plaintiff clearly did not pre-
serve her objection, and cannot on appeal
demonstrate plain error. Additional details
with respect to the 2004 and 2005 com-
plaints are arguably relevant only with
respect to retaliation *vel non* (or Lewel-
len's motive to retaliate). However, the
jury found that plaintiff failed to prove an
adverse employment action, wholly aside
from any retaliation. In any event, the
district court did not abuse its discretion in
declining to permit plaintiff to testify as to
even more details about the 2004 and 2005
complaints. The district court did not
abuse its discretion in concluding that that
would only have confused and misled the
jury and shifted the focus away from the
retaliation claim at issue. Fed.R.Evid.
403.

Plaintiff's second argument on appeal is
that the district court erred in excluding
evidence that the EEOC's resolution of the
2005 complaint included a recommendation
that NASA consider disciplining Lewellen,

---

* Honorable William H. Albritton, III, United
States District Judge for the Middle District of

Alabama, sitting by designation.

and that NASA failed to do so. With respect to this argument, the record is clear that plaintiff's attorney at the pre-trial conference invited error, if any. Even if it were error, any error would be harmless for the same reason that plaintiff's first argument does not constitute plain error—i.e., the failure of NASA to discipline Lewellen with respect to the 2005 complaint is not remotely relevant to the jury's finding in this case that plaintiff's alleged retaliation did not constitute an adverse employment action. Finally, we conclude in any event that there was no error; the district court was within its discretion to exclude the evidence.

Accordingly, the judgment of the district court is

AFFIRMED.